IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[18] LUCIO FLORES RODRÍGUEZ,

Defendant

CRIMINAL 07-0121 (ADC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 19, 2007, a grand jury returned an indictment against forty-two people charging them with knowingly and intentionally combining, conspiring and agreeing with each other and others to knowingly and intentionally possess with intent to distribute large quantities of heroin, cocaine, cocaine base and marijuana. The movant is one of those people.

This matter is before the court on motion to suppress any and all evidence related to the alleged murders of Reinaldo de León Martínez and Omar J. Díaz Escobar filed by co-defendant Lucio Flores Rodríguez on November 18, 2007. (Docket No. 625).  Overt act 22 of the indictment reads thus: "On or about December 15, 2006, [18] LEX LUCIO FLORES-RODRIGUEZ, aka LUCKY, and others unknown to the Grand Jury, killed Reinaldo de León Martínez and Omar J. Díaz Escobar, in order to gain control and further expand the drug trafficking organization."  Notwithstanding the failure of the United States to oppose the motion, it is my recommendation that the defendant's motion be DENIED.

According to the information received by the defense through discovery, this defendant and two other men drove through La Puente ward of Guayama in December 2006.  He had a .45 pistol and another man named Eliut had a .38

CRIMINAL 07-0121 (ADC)                   2

revolver. They approached a group of people and began shooting at the group although the person they were looking for was not a part of the group, something the defendant and Eliut did not know. They killed two people at that time. On December 16, 2006, the defendant was part of a line-up but he was not identified and was therefore released.

The defense argues that even if the killings did take place, they were not a part of the conspiracy, that is, that the killings were not ordered to gain control and further expand the drug trafficking organization. The statement in overt act numbered 22 is allegedly false, and not relevant, as well as unfairly prejudicial.

The statement in the indictment is clear. The government intends to show that this defendant committed murders in order to gain control and further expand the drug trafficking organization, which would be acts performed in favor of the conspiracy. This is not an uncommon issue to the courts. See, e.g., United States v. Mercado-Irizarry, 404 F.3d 497, 500-02 (1st Cir. 2005); United States v. Soto-Beniquez, 356 F.3d 1, 31-33 (1st Cir. 2004); United States v. Martínez-Medina, 279 F.3d 105, 116 (1st Cir. 2002); United States v. Vega Figueroa, 234 F.3d 744, 755 (1st Cir. 2000). The government is placed to the task of showing at trial that the murders were somehow in furtherance of the conspiracy. That the defendant is not charged with murder is not fatal to the government's intention of presenting evidence of uncharged misconduct, in this case, murder. The evidence is relevant under Rule 401, Federal Rules of Evidence, and is not unfairly prejudicial under Rule 403. Furthermore, such evidence is admissible under Rule 404(b) in the alternative since it presents evidence of plan or intent.

Unfortunately, if the evidence comports to the defense theory that any murders were not in furtherance of the conspiracy, then a limiting instruction may

CRIMINAL 07-0121 (ADC)                          3

be insufficient to cure the error.  However, that would remain an issue for the trial judge to resolve, if such is the case.  In any event, the United States Attorney is put on notice of the issue.

In view of the above, I recommend that the motion to suppress be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 21st day of December, 2007.


                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge